IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTIN MEAD, ANTHONY DISTEFANO, ANTHONY TOTTENHAM, VINCE PARTIN, CHARLES JOHNSON YOUNG, and JUSTIN SMITH;<br><br>Plaintiffs,<br><br>vs.<br><br>SUPERIOR ENERGY SERVICES, LLC, a Louisiana corporation, and JOSEPH DAYTON, and the marital community comprised thereof,<br><br>Defendants. | No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

## I.   INTRODUCTION

1.1   Plaintiffs Martin Mead ("Mead"), Anthony Distefano ("Distefano"), Anthony

Tottenham ("Tottenham"), Vince Partin ("Partin"), Charles Johnson Young ("Young"), and

Justin Smith ("Smith"), hereinafter collectively referred to as "Plaintiffs", hereby set forth

their complaint against Defendants Superior Energy Services, LLC ("Superior") and Joe

COMPLAINT FOR DAMAGES - 1

Dayton ("Dayton") for failure to pay overtime wages and willful withholding of wages. Plaintiff Distefano further sets forth his complaint against Defendants for breach of contract and promissory estoppel.

## II.   PARTIES

2.1   Plaintiff Mead is an individual residing in San Juan County, Washington. At all times relevant hereto, Plaintiff was employed by Superior.

2.2   Plaintiff Distefano is an individual residing in Whatcom County, Washington. At all times relevant hereto, Plaintiff was employed by Superior.

2.3   Plaintiff Tottenham is an individual residing in San Juan County, Washington. At all times relevant hereto, Plaintiff was employed by Superior.

2.4   Plaintiff Partin is an individual residing in Whatcom County, Washington. At all times relevant hereto, Plaintiff was employed by Superior.

2.5   Plaintiff Young is an individual residing in Harris County, Texas. At all times relevant hereto, Plaintiff was employed by Superior in Whatcom County, Washington.

2.6   Plaintiff Smith is an individual residing in Jefferson Parish, Louisiana. At all times relevant hereto, Plaintiff was employed by Superior in Whatcom County, Washington.

2.7   Defendant Superior Energy Services, LLC is a Louisiana company conducting business in Whatcom County, Washington.

2.8   Defendant Joe Dayton is an individual who, upon information and belief, resides in Skagit County, Washington.

### III. JURISDICTION AND VENUE

3.1     The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 because this action arises under the laws of the United States.

3.2     Venue in this district is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions on which the claim is based occurred in the Western District of Washington.

3.3     This action has been filed within the applicable statutory time periods.

### III. FACTS

4.1     Superior Energy Services, LLC is a company that serves the oil and gas industry by providing supports services to companies that are engaged in drilling for oil. In 2012, Superior entered into a five-year lease with the Port of Bellingham and began construction of the Arctic Challenger barge. To date, Superior maintains an office in Bellingham, Washington, and continues work on the project.

4.2     Plaintiff Mead was hired by Superior's Marine Technical Services group in April 2012. Plaintiff Mead consistently works twelve hour shifts seven days a week. He completes duties shore side, on the vessel itself, and on the subsea spill containment equipment. Plaintiff Mead has never received any overtime compensation for the hours that he works beyond forty in each workweek. Plaintiff Mead is currently employed by Superior.

4.3     Plaintiff Distefano was hired by Superior's Marine Technical Services group in the summer of 2012. Plaintiff Distefano consistently worked twelve hour shifts seven days

COMPLAINT FOR DAMAGES - 3

a week. He completed duties shore side, on the vessel itself, and on the subsea spill containment equipment. Plaintiff Distefano has never received any overtime compensation for the hours that he worked beyond forty in each workweek. In late September 2013, Plaintiff Distefano was moved to the third shift and effectively laid off because there is no third shift working currently.

4.4     Defendants advised Plaintiff Distefano that he would be paid a per diem food allowance, like each of the other employees who had to travel to the worksite.  Based on this promise, Plaintiff Distefano purchased food along with the other employees. However, after some time, Defendants changed their position and determined that they would no long pay Plaintiff Distefano a per diem food allowance despite their previous promise to do so.

4.5.    Plaintiff Tottenham was hired by Superior's Marine Technical Services group in July 2012. Plaintiff Tottenham consistently works twelve hour shifts seven days a week. He completes duties shore side, on the vessel itself, and on the subsea spill containment equipment. Plaintiff Tottenham has never received any overtime compensation for the hours that he works beyond forty in each workweek. Plaintiff Tottenham is currently employed by Superior.

4.6     Plaintiff Partin was hired by Superior's Marine Technical Services group in summer 2012. Plaintiff Partin consistently worked twelve hour shifts seven days a week. He completed duties shore side, on the vessel itself, and on the subsea spill containment equipment. Plaintiff Partin has never received any overtime compensation for the hours that

he worked beyond forty in each work week. Plaintiff Partin is currently employed by Superior, but he is out of work recovering from a workplace injury.

4.7  Plaintiff Young was hired by Superior's Marine Technical Services group in summer 2012. Plaintiff Young consistently worked twelve hour shifts seven days a week. He completed duties shore side, on the vessel itself, and on the subsea spill containment equipment. Plaintiff Young has never received any overtime compensation for the hours that he worked beyond forty in each workweek. Plaintiff Young was placed on third shift in March 2013.

4.8  Plaintiff Smith was hired by Superior's Marine Technical Services group in summer 2012. Plaintiff Smith consistently worked twelve hour shifts seven days a week. He completed duties shore side, on the vessel itself, and on the subsea spill containment equipment. Plaintiff Smith has never received any overtime compensation for the hours that he worked beyond forty in each workweek.

4.9  Each of the plaintiffs is paid on a day rate on one of three tiers. Defendant Dayton acts as Operations Manager at the site in Bellingham and controls the schedule and rates of pay for each Plaintiff.

4.10  In or around August 2013, Plaintiff Mead asked Defendant Dayton about the rates of pay and the requirement to pay overtime during an "all hands" meeting. Defendant Dayton did not respond and promptly ended that meeting.

## IV.   CAUSES OF ACTION

### A. First Cause of Action – Failure to Pay Overtime Wages in violation of RCW 49.46 *et seq*.

5.1   Plaintiffs reallege paragraphs 1.1 through 4.10 of the Complaint and hereby incorporates the same by reference.

5.2   As a result of Defendants' conduct, Defendants are liable to each Plaintiff for unlawfully failing to pay overtime wages and willful withholding of wages in violation of the Minimum Wage Act.  *See* RCW 49.46 *et. seq* and RCW 49.52 *et. seq.*

### B. Second Cause of Action - Failure to Pay Overtime Wages in violation of 29 U.S.C. §201 *et seq*.

6.1   Plaintiffs reallege paragraphs 1.1 through 5.2 of the Complaint and hereby incorporates the same by reference.

6.2   As a result of Defendants' conduct, Defendants are liable to each Plaintiff for unlawfully failing to pay overtime wages and willful withholding of wages in violation of the Fair Labor Standards Act. *See* 29 U.S.C. §201 *et seq.* and 29 U.S.C. §260.

### C. Third Cause of Action – Breach of Contract

7.1   Plaintiff Distefano realleges paragraphs 1.1 through 6.2 of the Complaint and hereby incorporates the same by reference.

7.2   The above stated facts state claims against Defendants for breach of contract.

7.3 As a result of Defendants' acts and omissions, Plaintiff Distefano has been damaged in an amount to be proven at trial.

### D. Third Cause of Action – Promissory Estoppel

8.1 Plaintiff Distefano realleges paragraphs 1.1 through 7.3 of the Complaint and hereby incorporates the same by reference.

8.2 The above stated facts state claims against Defendants for promissory estoppel.

8.3 As a result of Defendants' acts and omissions, Plaintiff Distefano has been damaged in an amount to be proven at trial.

//

//

//

//

//

COMPLAINT FOR DAMAGES - 7

**HKM EMPLOYMENT ATTORNEYS PLLC**
1325 Fourth Avenue, Suite 540
Seattle, Washington 98101
(206) 838-2504

**V.     PRAYER FOR RELIEF**

WHEREFORE Plaintiffs pray for relief as follows:

     A.     Damages for all wages wrongfully withheld;

     B.     Double damages for the willful and intentional withholding of wages;

     C.     Prejudgment and post judgment interest at the statutorily prescribed rate;

     D.     Reasonable attorney's fees and costs pursuant; and

     F.     Whatever further and additional relief the Court shall deem just and equitable.

Respectfully submitted this 8th day of October, 2013.

*/s Patrick Leo McGuigan*
Patrick Leo McGuigan, WSBA No. 28897

*/s Kathryn A. Kuhlenberg*
Kathryn A. Kuhlenberg, WSBA No. 45737

**HKM EMPLOYMENT ATTORNEYS PLLC**
1325 Fourth Avenue, Suite 540
Seattle, WA 98101
Telephone: 206-838-2504
Fax: 206-260-3055
E-mail: plmcguigan@hkm.com
        kkuhlenberg@hkm.com

*Attorneys for Plaintiffs*