The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTIN MEAD, ANTHONY DISTEFANO, ANTHONY TOTTENHAM, VINCE PARTIN, CHARLES JOHNSON YOUNG, and JUSTIN SMITH,<br><br>Plaintiffs,<br><br>vs.<br><br>SUPERIOR ENERGY SERVICES, LLC, a Louisiana corporation, and JOSEPH DAYTON, and the marital community comprised thereof,<br><br>Defendants. | No. 2:13-cv-01808-TSZ<br><br>ANSWER OF DEFENDANTS |

Defendants Superior Energy Services, LLC and Joseph Dayton (hereinafter collectively "Defendants") answer Plaintiffs' Complaint as follows:

## I.    INTRODUCTION

1.    Answering paragraph 1.1 of the Complaint, the paragraphs contain legal statements and conclusions to which Defendants are not required to respond.

## II.    PARTIES

2.    Answering paragraphs 2.1 through 2.6 of the Complaint, Defendants admit that Plaintiffs were employed by Defendant Superior Energy Services ("SES").  Defendants lack sufficient information to admit the balance of the allegations in paragraphs 2.1 through 2.6.

ANSWER OF DEFENDANTS -- 1

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

No. 2:13-cv-01808-TSZ

m46688-2066290.docx

3.      Defendants admit the allegations of paragraph 2.7 of the Complaint.

4.      Defendants admit the allegations of paragraph 2.8 of the Complaint.

### III.      JURISDICTION AND VENUE

5.      Defendants admit the allegations of paragraphs 3.1 through 3.3 of the Complaint.

### IV.      FACTS

6.      Defendants admit the allegations of paragraph 4.1 of the Complaint.

7.      Answering paragraph 4.2 of the Complaint, Defendants admit the allegations of the first and final sentences of that paragraph, and deny the allegations of the second and third sentences of that paragraph.  Answering the fourth sentence of paragraph 4.2 of the Complaint, Defendants state that Plaintiff Mead was lawfully exempt from overtime.

8.      Answering paragraph 4.3 of the Complaint, Defendants admit the allegations of the first sentence of that paragraph, and deny the allegations of the second, third, and fifth sentences of that paragraph.  Answering the fourth sentence of paragraph 4.3 of the Complaint, Defendants state that Plaintiff Distefano was lawfully exempt from overtime.

9.      Defendants deny the allegations of paragraph 4.4.

10.      Answering paragraph 4.5 of the Complaint, Defendants admit the allegations of the first and final sentences of that paragraph, and deny the allegations of the second and third sentences of that paragraph.  Answering the fourth sentence of paragraph 4.5 of the Complaint, Defendants state that Plaintiff Tottenham was lawfully exempt from overtime.

11.      Answering paragraph 4.6 of the Complaint, Defendants admit the allegations of the first and final sentences of that paragraph, and deny the allegations of the second and third sentences of that paragraph.  Answering the fourth sentence of paragraph 4.6 of the Complaint, Defendants state that Plaintiff Partin was lawfully exempt from overtime.

12.      Answering paragraph 4.7 of the Complaint, Defendants admit the allegations of the first and final sentences of that paragraph, and deny the allegations of the second and third

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

sentences of that paragraph.  Answering the fourth sentence of paragraph 4.7 of the Complaint, Defendants state that Plaintiff Young was lawfully exempt from overtime.

13.     Answering paragraph 4.8 of the Complaint, Defendants admit the allegations of the first sentence of that paragraph, and deny the allegations of the second and third sentences of that paragraph.  Answering the fourth sentence of paragraph 4.8 of the Complaint, Defendants state that Plaintiff Smith was lawfully exempt from overtime.

14.     Defendants deny the allegations of paragraphs 4.9 and 4.10.

### V.     CAUSES OF ACTION

15.     Answering paragraph 5.1 of the Complaint, Defendants incorporate their responses to the allegations in the preceding paragraphs.

16.     Answering paragraph 5.2 of the Complaint, the paragraph contain legal statements and conclusions to which Defendants are not required to respond.  Defendants deny any remaining factual allegations.

17.     Answering paragraph 6.1 of the Complaint, Defendants incorporate their responses to the allegations in the preceding paragraphs.

18.     Answering paragraph 6.2 of the Complaint, the paragraph contain legal statements and conclusions to which Defendants are not required to respond.  Defendants deny any remaining factual allegations.

19.     Answering paragraph 7.1 of the Complaint, Defendants incorporate their responses to the allegations in the preceding paragraphs.

20.     Answering paragraphs 7.2 and 7.3 of the Complaint, the paragraphs contain legal statements and conclusions to which Defendants are not required to respond.  Defendants deny any remaining factual allegations.

21.     Answering paragraph 8.1 of the Complaint, Defendants incorporate their responses to the allegations in the preceding paragraphs.

ANSWER OF DEFENDANTS -- 3

No. 2:13-cv-01808-TSZ

m46688-2066290.docx

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

22.     Answering paragraphs 8.2 and 8.3 of the Complaint, the paragraphs contain legal statements and conclusions to which Defendants are not required to respond.  Defendants deny any remaining factual allegations.

## VI.     PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any type of remedy, relief or damages, including the relief requested by Plaintiffs' Prayer for Relief.

BY WAY OF FURTHER ANSWER AND DEFENSE, Defendants allege as follows:

1.      Plaintiffs have failed to state a claim against either Defendant upon which any relief may be granted.

2.      Plaintiffs' claims are barred, in whole or in part, by the statute of limitations and/or latches.

3.      Plaintiffs' claims are barred, in whole or in part, by a failure to exhaust internal and/or administrative remedies.

4.      Plaintiffs are exempt from overtime and have been fully compensated for all work rendered on Defendant Superior Energy Services, LLC's behalf.

5.      Plaintiffs' monetary claims are barred to the extent they have failed to mitigate their alleged damages, if any.

6.      Any wage loss damages claimed by Plaintiffs in this action are subject to offset by his actual earnings, benefits in lieu of earnings, and/or the earnings they could have obtained through diligent efforts to obtain compensable work.

7.      Plaintiff' Distefano's common law claims are barred where another statute provides an exclusive remedy.

8.      Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel and unjust enrichment.

9.      Defendants' actions with respect to Plaintiffs were in good faith and not willful violations of any law or contract, nor were they violations of any law or contract at all.

ANSWER OF DEFENDANTS -- 4

No. 2:13-cv-01808-TSZ

m46688-2066290.docx

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

10.     If Defendants are found to have failed to pay Plaintiffs any wages due, which Defendants expressly deny, a bone fide, good faith dispute in law and fact exists as to whether such wages were owed and due.

11.     Plaintiffs' claims, or some of them, are barred, in whole or in part, because such claims have been waived, discharged, released and/or abandoned.

12.     If any damages have been sustained by Plaintiffs (which Defendants denies), Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all extra payments or overpayments and/or all obligations of Plaintiffs owed to Defendants against any judgment that may be entered against Defendants.

13.     The claims of Plaintiffs are barred, in whole or in part, by the doctrine of avoidable consequences.

WHEREFORE, Defendants pray for the following:

1.     That Plaintiffs takes nothing by their Complaint;

2.     That judgment be entered against Plaintiffs and in favor of Defendants;

3.     That Defendants be awarded their attorneys' fees incurred herein;

4.     That Defendants be awarded their costs incurred herein; and

5.     For such other and further relief as the Court deems just and proper.

DATED this 25th day of November, 2013.

*s/Adam S. Belzberg*
Adam S. Belzberg, WSBA #41022
GRAHAM & DUNN PC
Pier 70, 2801 Alaskan Way Ste 300
Seattle, WA  98121-1128
Tel:  (206) 340-9654
Fax:  (206) 3409-9599
Email:  abelzberg@grahamdunn.com
*Attorneys for Defendants Superior Energy Services, LLC and Joseph Dayton*

ANSWER OF DEFENDANTS -- 5

No. 2:13-cv-01808-TSZ

m46688-2066290.docx

GRAHAM & DUNN PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

**CERTIFICATE OF SERVICE**

The undersigned declares as follows:  on the 25th day of November, 2013, a copy of the foregoing document was served on counsel for plaintiff, via the court's CM/ECF system, at the address set forth below.

Patrick L. McGuigan
Kathryn A. Kuhlenberg
HKM EMPLOYMENT ATTORNEYS PLLC
1325 Fourth Ave Ste 540
Seattle, WA  98101
plmcguigan@hkm.com
kkuhlenberg@hkm.com

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Signed at Seattle, Washington this 25th day of November, 2013.

*s/Adam S. Belzberg*
Adam S. Belzberg, WSBA #41022
GRAHAM & DUNN PC
Pier 70, 2801 Alaskan Way Ste 300
Seattle, WA  98121-1128
Tel:  (206) 340-9654
Fax:  (206) 3409-9599
Email:  abelzberg@grahamdunn.com
*Attorneys for Defendants Superior Energy Services, LLC and Joseph Dayton*

ANSWER OF DEFENDANTS -- 6

No. 2:13-cv-01808-TSZ

m46688-2066290.docx

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599